UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 26-MJ-69 (MJD/DJF)

UNITED STATES OF AMERICA,

Plaintiff,

v.

MARGARET SAGER,

Defendant.

**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION FOR DISCOVERY (ECF No. 39, at 17)**

The Defendant, Margaret Sager, has filed an additional motion for discovery (ECF No. 39, at 17). The United States opposes this motion as it seeks materials beyond the scope of permissible discovery and fails to demonstrate materiality to the preparation of the defense. The United States further requests leave to file supplemental briefing, if necessary, based on any reply or argument before the Court.

## CASE BACKGROUND

This case arises out of Ms. Sager's assault of a federal officer and her subsequent resistance to arrest. On January 13, 2026, federal law enforcement agents were conducting arrests of two targets at 3345 Park Avenue in Minneapolis. Protesters and the press showed up and began to close in on the officers conducting legal law enforcement activities. Agents were not

undercover and were wearing vests with clear law enforcement markings. Deportation Officer Silva was running on the snow and ice, slipped, and while trying to get back on his feet, Ms. Sager approaches him and pushes him with two hands. PICTURE A. DO Silva gets back on his feet and apprehends another bystander. While struggling with the other individual, Ms. Sager runs up to DO Silva, drops her backpack, and jumps onto his back, attempting to pull him off the individual he was apprehending. PICTURE B. In doing so, she wraps her arm around his neck, attempting to pull him off. PICTURES C AND D. She's pulled off him by another agent, however she was able to escape. Despite this, she then targeted another officer and jumped onto his back. PICTURE E. Finally, she is apprehended by law enforcement and arrested. PICTURE F.



Picture A

Picture B





Picture C

Picture D





Picture E

Picture F



## ARGUMENT

### I. MS. SAGER'S DISCOVERY REQUESTS.

The United States has fully complied with its discovery obligations under FEDERAL RULE OF CRIMINAL PROCEDURE 16, as well as constitutional and statutory duties under *Brady*, *Giglio*, and related authority. Discovery has been turned over to Ms. Sager via USAFx on March 2, 2026, April 9, 2026, and April 10, 2026. Ms. Sager has failed to demonstrate that the requested materials are material under Rule 16(a)(1)(E). Because of this Ms. Sager's motions should be denied.

Criminal defendants do not have a general right to "open file" discovery. *United States v. Johnson*, 228 F.3d 920, 925 (8th Cir. 2000). Rule 16 limits discovery to items that are "material to preparing the defense." FED. R. CRIM.

P. 16(a)(1)(E). Materiality requires more than conclusory allegations. *United States v. Farah*, No. 22-CR-124 (NEB/TNL), 2023 WL 8757097, at *9 (D. Minn. Dec. 19, 2023); *United States v. Krauth*, 769 F.2d 473, 476 (8th Cir. 1985). Speculation alone does not satisfy Rule 16. *United States v. Ivers*, 2023 WL 2182327, at *2 (D. Minn. Feb. 23, 2023). Ms. Sager's requests are speculative and immaterial and makes no proffer on how these requests are related to her defense or fall under Rule 16.

Each specific request, made Pursuant to Fed. R. Crim. P. 16 (ECF No. 39, at 17), will be responded to in order below:

A. <u>Disclosure of the identity of any DHS agents, U.S. Marshal personnel, Department of Justice Personnel, or other government personnel who participated in arranging, taking, or appearing in the staged photo of Ms. Sager after her self-surrender on January 28, 2026;</u>

This request does not fall under Rule 16's disclosure requirements. The identity of the agents or personnel in taking a photo of her are immaterial to Ms. Sager's defense nor is it relevant to her case-in-chief on whether she committed 18 U.S.C. § 111.

B. <u>Disclosure of any communications by and between any officials at the Department of Justice or DHS regarding the publication of Sager's photo by Attorney General Bondi's X account or DHS's X account, or the timing of Ms. Sager's charging and self-surrender as part of a group of individuals to coincide with the planned visit of Attorney General Bondi to Minnesota.</u>

Ms. Sager fails to show materiality or relevance to her charged conduct. This request is immaterial to any charged conduct and her case-in-chief – whether she committed an 18 U.S.C. § 111.

Rule 16 allows discovery of statements made by defendants, but not of others and does not require the United States to "hunt" for documents across multiple agencies absent a focused request. See *United States v. Dornsbach*, 2023 WL 2666480, at *2 (D. Minn. Mar. 28, 2023) (*citing United States v. Mayberry*, 896 F.2d 1117, 1122 (8th Cir. 1990)). Reports, memoranda, or other internal government documents created by a government agent in connection with the investigation or prosecution of the case are immune from discovery. *United States v. Polk*, 715 F.3d 238, 249 (8th Cir. 2013); *United States v. Robinson*, 439 F.3d 777, 779–80 (8th Cir. 2006). These materials are also protected by the work-product doctrine, including internal legal analyses and charging decisions, including documents prepared in anticipation of litigation, including drafts, internal communications, and attorney analyses. *See Hickman v. Taylor*, 329 U.S. 495, 510–11 (1947); *United States v. Williams*, 2024 WL 4589865, at *3–4 (D. Minn. Oct. 28, 2024); *United States v. Nobles*, 422 U.S. 225, 238 (1975); *United States v. Robinson*, 439 F.3d 777, 779–80 (8th Cir. 2006).

Ms. Sager's request for inter-agency communications is overbroad, immaterial, speculative, and seeks protected work product. Therefore, production should be denied.

C. Documents, recordings or summaries of directions provided to United States Attorneys by Deputy Associate Attorney General Aakash Singh to prioritize prosecution of protester cases to be coupled with issuing press releases, "blasting out" the filing of charges, including any reports or responses to said directions by the United States Attorney's Office for Minnesota.

As explained in Section B, this request for inter-agency communications is overbroad, immaterial to any defense, speculative, seeks protected work product and should be denied.

## CONCLUSION

The United States has fully complied with its discovery obligations under Rule 16, *Brady*, *Giglio*, and related authority. Ms. Sager's requests are speculative, overbroad, untethered to the charged conduct, and immaterial. They seek voluminous materials unrelated to the offense and attempt to compel disclosure of information not tied to any defense. Thus, the motion should be denied in its entirety.

Dated: April 23, 2026

Respectfully Submitted,

DANIEL N. ROSEN
United States Attorney

*s/Richard M. Hoover*

BY: RICHARD M. HOOVER
MND No. 710133MA
Special Assistant U.S. Attorney
DOJ-USAO
District of Minnesota
300 South Fourth Street
Minneapolis, MN 55415
202-251-2107
Email: richard.hoover@usdoj.gov